

NUMBER 13-13-00214-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**EDWARD LEE JAYCOX,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

## On appeal from the 24th District Court
## of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Benavides**

This appeal arises from an adjudication of guilt. By his sole issue, with one sub-issue, appellant Edward Lee Jaycox argues that there was not a sufficient indictment to support his conviction for violation of a probation order, a third-degree

felony with an enhancement paragraph. *See* TEX. PENAL CODE ANN. § 25.07 (West, Westlaw through 2013 3d C.S.). We affirm.

## I. BACKGROUND

Jaycox pleaded guilty to the offense of violating a protective order through assault. The trial court deferred his adjudication and sentenced him to ten years of community supervision. On October 17, 2012, the State filed a Motion to Adjudicate, asserting that Jaycox violated six terms of his community supervision. The alleged violations included: (1) an offense against the state of Texas (aggravated sexual assault, *see id.* § 22.02 (West, Westlaw 2013 through 3d C.S.))[1]; (2) failing to report three arrests to his supervision officer; (3) failing to report to his supervision officer; (4) failing to pay court costs in the amount of $164; (5) failing to pay a $665 fine; and (6) failing to pay his monthly supervision fee.

After a hearing on the motion, the trial court found all of the alleged violations to be true. Jaycox was convicted of violating the protective order and sentenced to twenty years in the Texas Department of Criminal Justice, Institutional Division. This appeal ensued.

## II. DISCUSSION

By his sole issue, Jaycox contends that the indictment used to convict him was insufficient. Specifically, he claims that the indictment in the record for his offense of violating a protective order lacked the Calhoun County District Clerk's signature and certification.

---

[1] Jaycox filed a separate appeal challenging his conviction for aggravated sexual assault. *See* TEX. PEN. CODE ANN. § 22.01 (West, Westlaw 2013 through 3d C.S.). This appeal was assigned a different cause number with our Court—No. 13-13-00639-CR—and will be addressed in a separate opinion.

The Texas Constitution requires that the State must obtain a grand jury indictment in a felony case. *See* TEX. CONST. art. I, § 10 (providing that a defendant "shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof"). An indictment, as defined by the state constitution,

> is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

*Id.* art. V, § 12(b); *see* TEX. CODE CRIM. PROC. ANN. art. 21.01 (West, Westlaw through 2013 3d C.S.) (defining an indictment as "the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense"). An indictment "provides a defendant with notice of the offense and allows him to prepare a defense." *Teal v. State*, 230 S.W.3d 172, 175 (Tex. Crim. App. 2007) (citing TEX. CONST. art. I, § 10).

A defendant must object to a defective indictment before trial. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West, Westlaw through 2013 3d C.S.).

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding. . . .

*Id.* "The right to be charged by an instrument that is free of defects, errors, and omissions is neither a 'systemic requirement' nor a 'waivable right.'" *Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003).

3

Jaycox does not direct us to, and we do not find, any objection in the record complaining that his indictment for violating a protective order was unsigned by the Calhoun County District Clerk. He raises this issue for the first time on appeal, nearly ten years after he pleaded guilty to this offense. Accordingly, we conclude that error in this case was unpreserved. *See* TEX. R. APP. P. 33.1 (providing that "as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion"); TEX. CODE CRIM. PROC. ANN. art. 1.14(b).

Jaycox further argues that the lack of a certification on the indictment was a structural error. *See Johnson v. United States*, 520 U.S. 461, 469 (1997). A "structural error" is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id*. at 469; *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). The United States Supreme Court has only recognized structural errors in a very limited class of cases, which if proven, require automatic reversal without a harm analysis. *Johnson*, 520 U.S. at 467–68; *see Davis v. State*, 195 S.W.3d 311, 316 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Structural errors include the following:

> the total deprivation of counsel at trial; the lack of an impartial trial judge; the unlawful exclusion of members of the defendant's race from a grand jury; the denial of the right to self-representation at trial; the denial of the right to a public trial; and an instruction that erroneously lowers the State's burden of proof below a reasonable doubt standard.

*Johnson v. State*, 169 S.W.3d 223, 235 (Tex. Crim. App. 2006); *see Davis*, 195 S.W.3d at 316. Jaycox contends that "since no evidence of a valid indictment exists in this cause, [this Court] should consider this case an example of the unlawful exclusion of the

4

defendant's race from a grand jury since all persons apparently were excluded from the grand jury." However, Jaycox points to no evidence in the record, and we find none, to substantiate this allegation. *See* TEX. R. APP. P. 38.1(i) ("[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

We overrule Jaycox's issue.

### III. CONCLUSION[2]

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
31st day of July, 2014.

---

[2] We received Jaycox's attorney's, David Alan Disher's, motion to withdraw on June 12, 2014. We abated the case on June 19, 2014 and remanded the motion to the trial court for a hearing. In his motion to withdraw, Disher explained that Jaycox wanted a fellow inmate, R. Wayne Johnson, to represent him instead of Disher. Johnson advised Jaycox to file a personal lawsuit against Disher under chapter 14 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §14.001–.014 (West, Westlaw 2013 through 3d C.S.) (setting forth the types of litigation that may be filed by an inmate). Disher thus had no choice but to file the motion to withdraw when this conflict arose between himself and his client.

The trial court judge, the Honorable Stephen Williams, dismissed Jaycox's lawsuit against Disher, concluding it was frivolous. This dismissal removed the conflict. Judge Williams then denied Disher's motion to withdraw on June 27, 2014. This case was then reinstated with our court on June 30, 2014. Accordingly, the motion to withdraw is now moot.

Jaycox subsequently filed a pro se writ of mandamus with an attachment prepared by Johnson. In this original proceeding, Jaycox sought to compel the withdrawal of counsel and to proceed on appeal with the assistance of Johnson. This Court assigned cause number 13-14-00399-CR to the related mandamus, which was denied on July 16, 2014.